# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. SCROGGINS, | ) |
| Movant, | ) |
| v. | ) No. 4:12-cv-01448-DGK |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This case arises out of Movant Christopher J. Scroggins' ("Movant" or "Scroggins") conviction for being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pending before the Court is Movant's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Doc. 1). Finding Movant's arguments are without merit and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

**Factual Background and Procedural History**

On November 26, 2008, police officers with the Kansas City, Missouri, Police Department stopped Scroggins in his 2006 Chevrolet Monte Carlo for failure to signal. After Movant admitted having outstanding warrants, the officers arrested Scroggins, handcuffed him, and searched his car. The officers found a Charter Arms .44-caliber revolver hidden beneath the front console, and they arrested Scroggins for being a felon in possession of a firearm.

On April 2, 2008, a federal grand jury returned a one-count indictment charging Scroggins as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On November 20, 2009, Scroggins filed a motion to suppress the firearm. Magistrate Judge Sarah H. Hays held a hearing on the motion on January 5, 2010, and on February 26, 2010, District Judge Dean Whipple denied the motion. On March 9, 2010, Scroggins filed a motion for a jury viewing of the 2006 Chevrolet Monte Carlo which the Court denied March 26, 2010.

After a two-day trial, a jury found Scroggins guilty on March 30, 2010. On November 9, 2010, the Court sentenced him to 210 months in prison. On November 19, 2010, Scroggins filed a timely notice of appeal. In the appeal, he contested the district court's denial of his motion for a jury viewing. On August 9, 2011, the United States Court of Appeals for the Eighth Circuit affirmed the decision. *United States v. Scroggins*, 648 F.3d 873, 874-75 (8th Cir. 2011). Scroggins then appealed to the United States Supreme Court, which denied his writ of certiorari on December 12, 2011.

On December 6, 2012, Scroggins timely filed the pending motion to vacate his sentence under 28 U.S.C. § 2255.

**DISCUSSION**

Scroggins argues the Court should grant his motion because: (1) the evidence was insufficient to support his conviction; (2) the district court erred in denying his motion to suppress; (3) his attorney was ineffective because she allowed a magistrate judge to preside over the suppression hearing; (4) the Assistant United States Attorney committed prosecutorial misconduct; (5) the district court abused its discretion in denying his motion for jury viewing; and (6) the district court improperly calculated his sentence under the guidelines. The Court finds no merit to Scroggins' claims.

**I.     Movant's claims are meritless.**

   **A.     Movant cannot challenge the sufficiency of the evidence in a § 2255 petition.**

Movant's first argument is that no reasonable juror could have found beyond a reasonable doubt that he possessed the revolver. Claims challenging the sufficiency of the evidence, however, are not cognizable in a § 2255 proceeding. *Houser v. United States*, 508 F.2d 509, 513-14 (8th Cir. 1974); *see also Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) ("A claim that all of a crime's statutory elements were not proven is not a constitutional claim for the purposes of collateral attack."). Accordingly, Scroggins' first claim is denied.

   **B.     The Court cannot consider Movant's claim that Judge Whipple erred in denying his motion to suppress because this claim has been procedurally defaulted.**

Scroggins' second argument is that Judge Whipple erred in denying his motion to suppress the revolver. He did not, however, raise this claim on his direct appeal

A motion under § 2255 is not a substitute for a direct appeal or the route to complain about simple trial errors. *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987) (citing *Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir. 1986)). A movant seeking to raise a constitutional or jurisdiction issue for the first time in a § 2255 motion must show cause excusing his failure to raise the issue on direct appeal and actual prejudice resulting from the error, or he must prove he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Liberally construing Scroggins' pro se motion as alleging ineffective assistance of counsel as cause for his failure to raise this issue on his direct appeal, Movant has not established actual prejudice. To establish actual prejudice, a petitioner must show there was an error which "worked to his *actual* and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170

(1982) (emphasis in original). This is a demanding standard; it requires a defendant to carry a "significantly higher" burden than he would be required to satisfy on direct review under the plain-error standard. *Id.* at 167.

Here, there was no error. Movant claims he was prejudiced because the officers' search violated the holding in *Arizona v. Gant*, 556 U.S. 332 (2009). The officers' search occurred on November 26, 2008, and the Supreme Court handed down the *Gant* decision in April of 2009. Judge Whipple properly denied Scroggins' motion to suppress because the officers acted in good-faith reliance on the controlling case law at the time of the search. Since *Gant* had not yet been handed down, there was no error, much less an error which prejudiced Scroggins. *Davis v. United States*, 131 S.Ct. 2419, 2428 (2011) (holding the exclusionary rule for a *Gant* violation does not to searches conducted before *Gant* was decided).

Because Scroggins cannot establish actual prejudice for his failure to raise this claim on his direct appeal, this claim is procedurally defaulted and must be denied.

    **C.**    **Movant's ineffective assistance of counsel claims are without merit.**

Scroggins' third claim is that he received ineffective assistance of trial counsel. He contends trial counsel erred by: (1) allowing a magistrate judge to preside over his suppression hearing which violated his right to due process; (2) failing to discuss information with him; (3) failing to call witnesses on his behalf; (4) failing to ask "basic fact finding questions;" (5) entering into stipulations with the Government that were not in his best interest; (6) failing to share accurate information with him about a potential plea bargain; and (7) failing to object to the amended indictment.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial

4

counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

To establish prejudice, a movant must show that the outcome would have been different had counsel's performance not been deficient. If the movant cannot show a reasonable probability that the outcome would have been different, he cannot show prejudice. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

In the present case, Movant has failed to demonstrate that trial counsel's performance was deficient in any way. Counsel was not ineffective for failing to object to a magistrate judge presiding over his suppression hearing. Federal law permits a magistrate to preside over a suppression hearing and recommend a ruling so long as the final decision rests with the district judge, 28 U.S.C. § 636(b)(1)(B), and there is no evidence here that the district court did not follow the statutory requirements. Consequently, there was nothing for Scroggins' attorney to object to here.

Additionally, counsel was not ineffective for failing to discuss information, call witnesses, or ask questions. These claims necessarily fail because Movant has not identified what information counsel allegedly should have discussed with him, the names of the witnesses counsel should have called, or the specific questions counsel should have asked. *See Armstrong v. Kemna*, 534 F.3d 857, 867-68 (8th Cir. 2008) (holding a petitioner must make a specific, affirmative showing as to what the missing evidence or testimony would have been). Movant has simply made several conclusory allegations, and even a pro se movant must identify specific facts that support his claims of error. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (holding the district court should not have summarily dismissed movant's habeas petition because it made specific factual allegations). Purported testimony that could have been hypothetically beneficial to the defense is insufficient to prove prejudice. *Caban v. United States*, 281 F.3d 778, 786 (8th Cir. 2002).

The record also demonstrates that Movant was not prejudiced by defense counsel's making agreements with the Government concerning some of the evidence in the case. For example, while counsel made an agreement to mute the sound while certain segments of the dashboard camera video were played for the jury, this stipulation benefited Movant because the redacted portion of the audio contained a discussion of his prior convictions.

Moreover, there is no merit to Scroggins' claim that counsel failed to notify or discuss the Government's plea offer with him. An affidavit from defense counsel demonstrates she notified Scroggins of the Government's plea offer in writing and discussed it with him, but Movant chose to reject it. The offer would have resulted in a guideline sentence range of 46 to 57 months and allowed Scroggins to request a below guideline sentence. The fact that Scroggins declined the offer, which in hindsight was a better option than going to trial, does not mean defense counsel was ineffective.

Finally, counsel was not ineffective for failing to object to the amended indictment which changed the serial number of the firearm described in the original indictment. Defense counsel's failure to object to the amendment or move for dismissal of the indictment did not violate the performance prong under *Strickland* because the amendment did not substantively affect the charge as originally pled. Amending an indictment to correct a typographical error concerning a weapon's serial number does not require dismissal of the indictment because the change goes to the form rather than the substance of the indictment. *United States v. Neff*, 525 F.2d 361, 363 (8th Cir. 1975).

Accordingly, the Court holds Scroggins' ineffective assistance of counsel claims are meritless.

**D.     There was no prosecutorial misconduct.**

Next, Scroggins contests "the prosecutor's motives and intentions," accusing the assistant United States attorney who tried the case of committing prosecutorial misconduct. Mot. at 14. Scroggins makes several sweeping and conclusory allegations, including arguing the prosecutor misrepresented the evidence and made improper arguments. Scroggins does not, however, cite any specific behavior or offer any specific examples of prosecutorial misconduct, and the Court can find nothing in the record suggesting any prosecutorial misconduct. Accordingly, this claim is denied. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (holding a movant must identify specific facts to support his petition).

**E.     The Court cannot consider Movant's argument concerning the motion for jury viewing.**

Next, Scroggins claims the district court abused its discretion in denying his motion for jury viewing. Because the Eighth Circuit affirmed the denial of this motion in Movant's direct appeal, 648 F.3d at 874-75, the ruling is the law of the case and the Court may not revisit it

absent an intervening change in controlling authority. *Baranski v. United States*, 515 F.3d 857, 861 (8th Cir. 2008). This portion of the motion is denied.

### F. The Court properly calculated Movant's guideline sentence.

Finally, Scroggins claims the Court improperly calculated his sentence under the guidelines by applying an enhancement under § 924(e)(1) for his previous felony convictions. Scroggins contends his three prior drug trafficking convictions, multiple counts in a single indictment, should all be considered as part of one criminal episode. Scroggins cites *United States v. Willoughby*, 653 F.3d 738 (8th Cir. 2011), in support. *Willoughby*, however, is distinguishable.

As the Government notes, the *Willoughby* court listed three factors to consider when determining whether multiple counts among a single indictment count as "occasions different from one another" for enhancement purposes, including "(1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity." *Willoughby*, 653 F.3d at 742-43. In *Willoughby* the court held that a two-count indictment was one occasion for purposes of applying § 924(e)(1) because although each count was a sale to a different police officer, the defendant made the sales at the same location nearly simultaneously. The present case is distinguishable from *Willoughby* in that the three counts were not simultaneous. According to the presentence investigation report, the offenses here occurred on October 13, 1999; October 20, 1999; and November 5, 1999. Therefore, the Court properly held that the counts were not one continuous occurrence and overruled defense counsel's objection to the § 924(e)(1) enhancement.

For the reasons discussed above, the Court finds no merit to any of Movant's claims.

## II. No evidentiary hearing is required.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks

omitted).  "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'"  *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

As discussed above, Movant's claims are all either not cognizable, procedurally defaulted, or conclusively contradicted by the record.  Consequently, no evidentiary hearing is required or will be held.

**III.    No certificate of appealability should be issued.**

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  District courts customarily address this issue contemporaneously with the order on the motion.  *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)).  In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   December 13, 2013                    /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT